Jason R. Naess, ISB No. 8407
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P. O. Box 910
Burley, ID  83318
jason@pmt.org
Telephone: (208) 878-8382
Facsimile:  (208) 878-0146

*Attorneys for Gary L. Rainsdon, Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>HATHAWAY HOMES GOUP, LLC,<br><br>Debtor. | Case No. 17-40992-JMM<br><br>Chapter 7 |
|---|---|

**MOTION AND NOTICE OF SALE BY TRUSTEE**

**Motion and Notice of Sale by Trustee and
Opportunity to Object and for a Hearing**

No Objection.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

Hearing on Objection.  The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that on **June 7, 2018, at 3:00 p.m., MDT**, the chapter 7 trustee for the above-captioned bankruptcy estate, Gary L. Rainsdon ("Trustee"), will hold an auction to sell certain recreational vehicles identified herein (the "Property") pursuant to 11 U.S.C. § 363, Bankruptcy Rule 6004, and LBR 2002.1.  **This sale will take place unless a written objection and request for hearing are received by the U.S. Bankruptcy Court (801 East Sherman, Pocatello, ID 83201) and the Trustee as required above**.

MOTION AND NOTICE OF SALE BY TRUSTEE                                                                                                    - 1

COMES NOW Trustee, by and through counsel, pursuant to § 363, Bankruptcy Rule 6004, and LBR 2002.1, and moves for entry of an Order authorizing and approving the sale of certain property, described below, to the highest and best bidder at a June 7, 2018, auction. The information required by LBR 2002.1 is as follows:

1. **Description of Property to be Sold.** The Property includes:

    a. 2015 Salem Hemisphere Lite 272RLIS        SN# 4X4TSBC28GU078412

    b. 2015 Work-N-Play 18EC                    SN# 4X4TWPT25GB016284

    c. 2016 Coachman Clipper Ultra-Lite 17      SN# 5ZT2CWFC3HJ112137

    d. 2016 Coachman Clipper Ultra-Lite 17FQ    SN# 5ZT2CWFC2HJ112226

    e. 2016 Coachman Clipper Ultra-Lite 17FQ    SN# 5ZT2CWFC0HJ112225

    f. 2016 Coachman Clipper Ultra-Lite 16FB    SN# 5ZT2CWEC8HJ112300

    g. 2016 Coachman Clipper Ultra-Lite 17FB    SN# 5ZT2CWFC2HJ112310

2. **Date, Time, and Place of Sale**. The sale shall be a public auction, held telephonically and originating from Trustee's office at 884 Rim View Lane East, Twin Falls, Idaho 83301, on **June 7, 2018, at 3:00 p.m. MDT**. Interested parties shall contact Trustee prior to the date and time of sale to qualify as bidders as described in the Terms of Sale, below. Trustee shall provide Qualified Bidders the call-in information for the June 7, 2018, auction.

3. **Material Terms of Sale.** The materials terms of the sale are as follows:

    a. The property shall be sold to the highest and best bidder at the June 7, 2018, Auction.

    b. The Property is sold "As Is," and WITHOUT WARRANTY OF ANY NATURE WHATSOEVER, EITHER EXPRESS OR IMPLIED.

    c. Each bidder shall be deemed to acknowledge and represent that it has had a full and complete opportunity to conduct due diligence, examinations, inspections, and analyses

of the Property; and that the bidder is not relying upon any statements, representations, or warranties.

d. The sale shall be free and clear of all liens and claims, with valid liens and claims, if any, to attach to the proceeds of the sale.

e. The June 7, 2018, Auction will include live bidding, conducted telephonically, originating from Trustee's office at a call-in number that will be provided by the Trustee to Qualified Bidders. All Qualified Bidders will participate with the understanding that all material terms of each bid will be fully disclosed to all other Qualified Bidders participating in the Auction.

f. Participation in the Auction by an entity as a Qualified Bidder shall be deemed an acknowledgment and representation by the Qualified Bidder that any party representing it at the Auction is an appropriately authorized agent.

g. All Qualified Bidders shall be deemed to have consented to the core jurisdiction of the Court, and to have waived any right to jury trial in connection with any disputes relating to the Auction and the sale of the Property.

h. Bidding at the Auction shall begin with an opening bid, and shall proceed at bid increments at Trustee's discretion.

i. Each Qualified Bidder will be informed of the terms of previous bids. All bidding will be open and transparent to all persons permitted to participate in the Auction.

j. To be deemed a "Qualified Bidder," a party must provide Trustee or his counsel with the following **by no later than 5:00 p.m. on June 1, 2018**:

   i. The name, title, and contact information of an individual authorized to bid at the Auction, and similar information for any entity the person represents.

      ii. Earnest money in the amount of $1,000.00 in certified funds, payable to "Gary L. Rainsdon, Trustee." The deposit shall be held in escrow in a segregated account of Trustee pending the closing of the sale, and shall be forfeited as liquidated damages if a party is the successful bidder but fails to close the transaction because of its own breach or failure to perform. The deposit of the winning bidder will be applied against the purchase price at the closing. The certified funds of unsuccessful bidders will be refunded after the close of the sale.

      iii. Proof of funds satisfactory to Trustee that the bidder has the financial wherewithal to timely consummate the purchase of the Property.

  k. Trustee reserves the right to refuse any and all offers.

  l. The Auction will be governed by such other procedures as may be announced by Trustee on the record prior to the commencement of the Auction; provided that any such other procedures shall not be inconsistent with the procedures identified herein.

4. **Sale Free and Clear.** The Property is to be sold free and clear of all liens and encumbrances, as authorized by 11 U.S.C. §§ 363(f)(2), (3), and (4). Trustee does not intend to accept any bid as the winning bidder, and will refuse any and all offers if the highest bid is not greater than the aggregate value of all liens against or interests in the Property. Any valid liens are to attach to the proceeds of the sale.

5. **Known Liens or Encumbrances.** Trustee believes the following entity has a lien or encumbrance in the Property:

| Lienholder or Potential Lienholder | Basis for Lien or Purported Lien | Amount |
|---|---|---|
| TCF Inventory Finance, Inc. | June 16, 2015, Inventory Security Agreement and UCC-1. | $55,886.06* |

* Per TCF Inventory Finance, this is the principal balance against the units currently being sold.  TCF Inventory Finance, Inc., has indicated there may be additional post-petition charges associated with the Property.

TCF Inventory Finance, Inc.'s lien shall attach to the proceeds of the Sale.

6. **Value of Property to be Sold.**  Trustee has obtained quotes from various prospective participants in the Auction and believes the fair market value of the Property currently being sold is at least $73,000.

7. **Proposed Disposition of Proceeds.**  It is proposed that, once any lien held by TCF Inventory Finance, Inc., in the units being sold is satisfied, the remaining proceeds will be unencumbered property of the estate, available for use in the administration of the estate.

8. **Date for Filing any Objections**.  Consistent with Rule 6004(b), any objection to the proposed sale of Property shall be filed and served not later than May 31, 2018.

9. **Additional Terms**.  Any model years and information listed herein is not a representation by the estate, but is provided to assist purchasers and is based upon Trustee's best information and belief.  Purchasers are deemed to have conducted their own inspection and should not rely on descriptive information provided herein.

This sale shall be effective immediately and the stay imposed by Rule 6004(h) and other rules is hereby waived.

    DATED this 11th day of May, 2018.

                                               PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP

                                               Jason R. Naess
                                               Counsel for Chapter 7 Trustee, Gary L. Rainsdon