B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Gary L. Rainsdon, Chapter 7 Trustee | DEFENDANTS<br>Brian Schudlies |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Parsons, Smith, Stone, Loveland & Shirley, LLP<br>P.O. Box 910<br>Burley, ID 83318 | ATTORNEY (If Known)<br>Hyrum Erickson<br>Rigby, Andrus & Rigby, PLLC<br>P.O. Box 250, Rexburg, ID  83440 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
   Quiet Title of Property in the Estate

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 prefer
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Quieting title to and determining certain specified property is property of the Estate.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR   Hathaway Homes Group, LLC | | BANKRUPTCY CASE NO. 17-40092-JMM | |
| DISTRICT IN WHICH CASE IS PENDING Idaho | | DIVISION OFFICE | NAME OF JUDGE Meier |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE February 11, 2019 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Jason R. Naess | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jason R. Naess, ISB No. 8407
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P. O. Box 910
Burley, ID  83318
jason@pmt.org
Telephone: (208) 878-8382
Facsimile:  (208) 878-0146

*Attorneys for Gary L. Rainsdon, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HATHAWAY HOMES GROUP, LLC,<br><br>Debtor. | Case No. 17-40992-JMM<br><br>Chapter 7 |
| GARY L. RAINSDON, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SCHULDIES,<br><br>Defendants. | ADV. PRO. NO. _____<br><br>**COMPLAINT** |

COMES NOW, Gary L. Rainsdon (hereinafter "Trustee"), the chapter 7 trustee in the converted Hathaway Homes Group, LLC ("HHG"), bankruptcy case, and alleges as follows:

### PARTIES

1.      Plaintiff, Trustee, is the duly-appointed chapter 7 trustee in the bankruptcy filed by Hathaway Homes Group, Bankr. No. 17-40992-JMM.

2.      Defendant, Brian Schuldies, is a resident of Fremont County, Idaho, and is a former customer of HHG.

COMPLAINT                                                                                     1

## JURISIDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 1334 and 157 and pursuant to the Rules of this Court and the United States District Court for

the District of Idaho, in that this action arises under, arises in, and/or relates to the bankruptcy

case filed by HHG on November 10, 2017, as Bankruptcy Case No. 17-40992-JMM in the

Bankruptcy Court for the District of Idaho.

4.      This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E),

and (O).  Trustee consents to entry of final orders or judgment by the bankruptcy judge as to all

matters and proceedings in the above-entitled case.

5.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## COUNT I
## Quieting Title in the Estate, 11 U.S.C. § 541(a)

6.      Prior to commencing its bankruptcy case, HHG was in the business of selling

manufactured homes and RVs.  HHG was owned and operated by Paul Hathaway.

7.      Often, in the conduct of its business, HHG would accept various types of vehicles

as trade-ins against transactions.

8.      On November 9, 2017, Defendant signed a contract with Paul Hathaway for the

purchase of a used RV from HHG.  As part of the transaction documented by the November 9,

2017, contract, Defendant agreed to trade in the following Forest River Sierra trailer, more

particularly identified as:

  2007 FRRV    CT TL Sierra    4X4FSEF267T121953

(the "Sierra Trailer").  The price Defendant was to pay under the contract for the used RV he was

purchasing was reduced according to an agreed upon value ascribed to the Sierra Trailer.  A copy

COMPLAINT                           2

of the November 9, 2017, contract is attached hereto as Exhibit A and is incorporated herein by reference.

9.      Defendant subsequently assigned the title for the Sierra Trailer to HHG, and provided possession of the title and the trailer to HHG.

10.     Defendant paid the reduced purchase price to HHG that accounted for the Sierra Trailer's trade-in value.  A copy of the check obtained from HHG's records is attached hereto as Exhibit B and is incorporated herein by reference.

11.     Trustee believes the signing of the contract, the assigning of the title, and the payment for the used RV purchased by Defendant occurred prior to the filing of the bankruptcy petition in Bankr. No. 17-40992-JMM.

12.     Paul Hathaway filed a chapter 11 bankruptcy case for HHG on November 10, 2017.

13.     Neither the initially filed bankruptcy schedules in the HHG case, nor the amended bankruptcy schedules, are specific enough to identify whether the Sierra Trailer was included in the schedules. *See* Bankr. No. 17-40992-JMM, Dkt. No. 50; Dkt. No. 127 (amended schedules identifying "8 RV's" and "3 Used RV's ($25,000.00)" as assets of the estate).

14.     When HHG filed for chapter 11 bankruptcy in November 2017, it intended to reorganize.

15.     In December 2017, appointment of a chapter 11 trustee was ordered, Bankr. No. 17-40992-JMM Dkt. No. 77, and Trustee was appointed as the chapter 11 trustee in the HHG Case on January 3, 2018, *Id.* Dkt. No. 104.

COMPLAINT                                                                                          **3**

16.     In mid-March 2018, on the recommendation and motion of Trustee after completing an investigation into the affairs of HHG, the Court converted the HHG case to a chapter 7 case, and Trustee was subsequently appointed as the chapter 7 trustee.

17.     In May 2018, Trustee filed a motion and notice to sell certain property of the estate, including the Sierra Trailer.  Bankr. No. 17-40992-JMM, Dkt. No. 263.

18.     Schuldies objected to the sale, asserting the Sierra Trailer is not property of the estate.  Bankr. No. 17-40992-JMM, Dkt. No. 282.

19.     The sale was authorized, though the Sierra Trailer was specifically excluded from the authorized sale, and the Order authorizing the sale indicated the "Court makes no findings and authorizes no action regarding that RV at this time."  Bankr. No. 17-40992-JMM, Dkt. No. 287.

20.     Trustee decided to exclude the Sierra Trailer from liquidation until a definite determination that the trailer is property of the estate could be made.

21.     Estate property includes all of a debtor's legal and equitable interests in property as of the commencement of a case.  § 541(a)(1).

22.     The day prior to HHG commencing its bankruptcy case on November 10, 2017, Defendant had entered a contract with HHG to buy a used RV in exchange for (1) Defendant's trading in the Sierra Trailer, and (2) Defendant's payment in money, in an amount reduced by the value of the Sierra Trailer, to HHG.

23.     The check for the remaining balance on the used RV being purchased by Defendant was paid by Defendant on November 10, 2017.  It is believed the title to the Sierra Trailer was assigned and the delivery of the Sierra Trailer occurred on November 10, 2017, as well.

COMPLAINT                                                                                                    4

24.     As such, the Sierra Trailer was property of the estate at the time HHG filed for bankruptcy protection on November 10, 2017.

25.     Estate property also includes "[a]ny interest in property that the estate acquires after the commencement of the case." § 541(a)(7).  Property acquired by an estate after commencement of a bankruptcy case is included in the estate under § 541(a)(7) if acquired in the estate's normal course of business. *In re Porrett*, 547 B.R. 362, 366-67 (Bankr. D. Idaho 2016).

26.     Regardless of whether the process of the assignment of the title to the Sierra Trailer and delivery of the trailer to HHG occurred pre- or post-petition, the Sierra Trailer is property of the estate because HHG was reorganizing under its chapter 11 case, and the Sierra Trailer was acquired by the estate in its normal course of business.

WHEREFORE, Trustee prays for Judgment as follows:

a.     On Count I, for a judgment quieting title to the Sierra Trailer in the bankruptcy estate of HHG, finding the estate is the sole owner of the Sierra Trailer, and finding that no other entities own any interest in the Sierra Trailer;

b.     That Trustee be awarded reasonable attorney's fees in the sum of $2,500.00 should this action terminate as a default judgment, together with such other and additional sums as the Court deems just and proper should the action be contested pursuant to Idaho Code §§ 12-120 and 12-121, and to the extent equity requires an order for Trustee to be made whole, plus court costs; and

c.     For such other and further relief as the court may deem just and proper.

DATED this 11th day of February, 2019.

PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP

Jason R. Naess
Attorneys for Trustee

COMPLAINT                                                                                                5

## VERIFICATION

STATE OF IDAHO          )
                        ) ss
County of Twin Falls    )

Gary L. Rainsdon. being first duly sworn on oath, deposes and says:

That he is the Plaintiff in the above-entitled action: that he has read the contents of the

foregoing Complaint, and knows the contents thereof and the facts stated therein he believes

to be true.

Gary L. Rainsdon, Chapter 7 Trustee

Subscribed and sworn to before me, this 11th day of February, 2019.

CASSANDRA BLACKBURN
COMM. NO. 20190019
NOTARY PUBLIC
STATE OF IDAHO
MY COMMISSION EXPIRES 01/02/25

Notary Public for Idaho
Residing at Twin Falls , Idaho
My commission expires on_____

COMPLAINT                                                                    6

# HATHAWAY HOMES GROUP, LLC

MODULAR • MANUFACTURED HOMES
(208) 624-3141  Fax: (208) 624-7875
2155 S. Yellowstone • St. Anthony, Idaho 83445

№ 512180

| BUYER(S) BRIAN SCHULDIES | | | | PHONE 208 351-5707 | | DATE 11-9-17 | |
|---|---|---|---|---|---|---|---|
| ADDRESS 2352 EAST 400 NORTH ST. ANTHONY ID 83445 | | | | | SALE PERSON PAUL | | |
| DELIVERY ADDRESS SAME | | | | | | | |

| MAKE & MODEL CROSSROADS RV RUSHMORE | | | | YEAR 2011 | BEDROOMS | FLOOR SIZE L ___ W ___ | HITCH SIZE L ___ W ___ | STOCK NUMBER |
|---|---|---|---|---|---|---|---|---|
| SERIAL NUMBER 4VOFC362·BG008263  ☐ NEW  ☒ USED | | | COLOR | | | PROPOSED DELIVERY DATE | | KEY NUMBERS |

| LOCATION | R-VALUE | THICKNESS | TYPE OF INSULATION | BASE PRICE OF UNIT | | $31,000 00 |
|---|---|---|---|---|---|---|
| CEILING | | | | OPTIONAL EQUIPMENT | | |
| EXTERIOR | | | | | | |
| FLOORS | | | | COST OF PARTS & SET UP -TIE DOWNS | $ | 450 00 |

THIS INSULATION INFORMATION WAS FURNISHED BY THE MANUFACTURER AND
IS DISCLOSED IN COMPLIANCE WITH THE FEDERAL TRADE COMMISSION RULE
16CRF, SECTION 460.16.

| | | |
|---|---|---|
| DOCUMENTATION & TITLE FEE | | 395 00 |
| SUB-TOTAL | 31,000 | 00 |
| SALES TAX | 1,245 | 30 |
| NON-TAXABLE ITEMS | | |

## OPTIONAL EQUIPMENT, LABOR AND ACCESSORIES

THIS CONTRACT ALSO INCLUDES ALL OF THE TERMS SET FORTH IN A DOCUMENT ENTITLED "NOTICE OF THINGS TO DO AND RESPONSIBILITIES OF PURCHASER" WHICH IS SIGNED BY THE PURCHASER AND DELIVERED TO THE PURCHASER CONCURRENT WITH THE SIGNING OF THIS CONTRACT. THE TERMS SET FORTH IN THIS DOCUMENT ARE HEREBY INCORPORATED IN THIS CONTRACT BY THIS REFERENCE. HOMES DO NOT INCLUDE WHEELS AND AXLES. MODULAR HOMES DO NOT INCLUDE FRAMES AND HITCHES. CUSTOMER IS RESPONSIBLE FOR ALL UTILITY HOOKUPS. TIE DOWNS ARE PRICED SEPARATELY. USED HOMES ARE SOLD AS IS-NO WARRANTY.

| VARIOUS FEES AND INSURANCE | | | |
|---|---|---|---|
| 1. CASH PURCHASE PRICE | | $32,245 | 30 |
| TRADE-IN ALLOWANCE | $10,245 00 | | |
| LESS BAL. DUE on above | $ — | | |
| NET ALLOWANCE | $10,245 00 | | |
| CASH DOWN PAYMENT | $ | | |
| CASH AS AGREED (SEE REMARKS) | $ | | |
| 2. LESS TOTAL CREDITS | | $10,245 | 00 |
| SUB-TOTAL | | $ | |
| SALES TAX (If Not Included Above) | | | |
| 3. Unpaid Balance of Cash Sale Price | | $22,000 | 30 |

| (optional equipment blank rows) | $ |
|---|---|

REMARKS:

HOME CANNOT BE OCCUPIED UNTIL
IT IS COMPLETELY PAID FOR.

BALANCE CARRIED TO OPTIONAL EQUIPMENT   $

NOTE: WARRANTY AND EXCLUSIONS AND LIMITATIONS OF DAMAGES ON THE REVERSE SIDE

| DESCRIPTION OF TRADE-IN | YEAR 2007 | SIZE 8 x 30 |
|---|---|---|
| MAKE FOREST RIVER | MODEL SIERRA | BEDROOMS |
| TITLE NO. | SERIAL NO. | COLOR |
| AMOUNT OWING TO WHOM — | | |

ANY DEBT BUYER OWES ON TRADE-IN IS TO BE PAID BY   ☐ DEALER  ☐ BUYER

Dealer and Buyer certify that the additional terms and conditions printed on the other side of this contract are agreed to as a part of this agreement, the same as if printed above the signatures. Buyer is purchasing the above described manufactured home, trailer or vehicle; the optional equipment and accessories, the insurance as described has been voluntary; that Buyer's trade-in is free from all claims whatsoever, except as noted.

THIS AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN DEALER AND BUYER AND NO OTHER REPRESENTATION OR AGREEMENT, VERBAL OR WRITTEN, HAS BEEN MADE WHICH IS NOT CONTAINED IN THIS CONTRACT. BUYER(S) ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER AND THAT BUYER(S) HAVE READ AND UNDERSTAND THE BACK OF THIS AGREEMENT.

HATHAWAY HOMES GROUP, LLC _____ DEALER

Not valid Unless Signed and Accepted by an Officer of the Company or an Authorized Agent

By _____ Approved

SIGNED X _____ BUYER

SIGNED X _____ BUYER

ECONOMY PRINTING SIGN & BANNER • 624-4363 • ST. ANTHONY

